952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold GOLDSTEIN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 90-55496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Jan. 6, 1992.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Goldstein, a federal prisoner, appeals pro se the district court's order denying his habeas corpus petition under 28 U.S.C. § 2241. Goldstein contends he should be released from federal custody because his federal violator term expired in September of 1986 and as a result the Commission lacked jurisdiction to issue a violator warrant against him in 1987. We agree. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.
 
 FACTS
 
 3
 On June 6, 1983, Goldstein, a federal parolee, was sentenced to ten years imprisonment for several state violations. Due to this conviction, the United States Parole Commission ("Commission") revoked his parole and ordered that none of the time he had spent on parole, i.e., "street time," would be credited toward satisfying his underlying federal sentence. The Commission's actions were reflected in an August 14, 1986 Notice of Action which stated: "Parole effective September 1, 1986 after the service of 66 months to the concurrent state sentence."
 
 
 4
 Goldstein was released from state custody on October 2, 1986, after signing a Certificate of Parole providing that he was to remain under the Commission's supervision until October 23, 1990. Once released on parole, Goldstein was again arrested on state charges. The Commission issued a violator warrant against him on June 15, 1987, revoked his parole on September 22, 1989, and set a reparole date of March 17, 1992.
 
 
 5
 In an effort to clarify the 1986 Notice of Action, the Commission issued a November 6, 1989 Notice of Action stating that Goldstein's "federal violator term commenced on September 1, 1986, the date of [his] federal parole, without credit for time served for [his] state sentence prior to that date."
 
 DISCUSSION
 
 6
 We review a district court's decision to deny a petition for writ of habeas corpus de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Our jurisdiction to review decisions of the Commission, however, is exceedingly narrow. We may determine only whether the Commission exceeded its statutory authority or committed a constitutional violation. Rizzo v. Armstrong, 921 F.2d 855, 858 (9th Cir.1990). We may not review a decision involving the exercise of judgment among a range of possible options. Id.
 
 
 7
 The Commission contends that the November 6, 1989 Notice of Action is valid because no case law prevents it from issuing such an order. We disagree. The Commission has not cited any statute or regulation which gives it the authority to clarify orders pertaining to parolees who have been released pursuant to a valid Notice of Action. As an agency of the federal government, the Commission may exercise only those powers granted to it by mandate of Congress. See Civil Aeronautics Board v. Delta Air Lines, 367 U.S. 316, 322 (1961).
 
 
 8
 The Commission further argues that it has the authority, under Marshall v. Lansing, 839 F.2d 933 (3rd Cir.1988), to clarify its own orders in order to aid courts in judicial review. In Marshall, the Commission was required to explain an order pertaining to a prisoner who was still under its supervision. The present case differs from Marshall. Here, the Commission clarified its order pertaining to Goldstein when he was no longer under its supervision. Thus, Marshall is inapposite.
 
 
 9
 The valid 1986 Notice of Action controls because the Commission did not have the power to clarify it three years after it purported to release Goldstein from supervision. Because the 1986 Notice of Action gave Goldstein credit for his state sentence, thereby terminating his federal violator term on September 1, 1986, Goldstein must be released from federal custody. The Commission lacked jurisdiction to issue a violator warrant against him in 1987. See 28 C.F.R. § 2.39(a) (1991) (Commission's jurisdiction over parolee terminates at end of maximum term); id. § 2.44(c) (violator warrant may be issued only within prisoner's maximum term).
 
 REVERSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude the Commission lacked jurisdiction to issue the 1987 violator warrant, and thus Goldstein is entitled to be released from federal custody, we do not address the remaining grounds on which Goldstein predicated his federal habeas petition