**Harold GOLDSTEIN, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION and Warden, F.C.I. Lompoc, Respondents.**

**No. CV 87–8593–RMT(RC).**

United States District Court,
C.D. California.

Sept. 24, 1996.

Harold Goldstein, pro se.

Julien A. Adams, Assistant U.S. Attorney, Los Angeles, for Respondents.

## JUDGMENT

TAKASUGI, District Judge.

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of the United States Magistrate Judge,

IT IS ADJUDGED that the petition for writ of habeas corpus is GRANTED and the United States Parole Commission shall credit petitioner with sixteen (16) months of sentence credits for time illegally served from July 12, 1989, to December 1, 1990, and to forthwith release petitioner from custody.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) a writ of habeas corpus is GRANTED; and (3) Judgment shall be entered directing the United States Parole Commission to credit petitioner with sixteen (16) months of sentence credits for time illegally served from July 12, 1989, to December 1, 1990, and to forthwith release petitioner from custody.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner and counsel for respondents.

## REPORT AND RECOMMENDATION ON A FEDERAL HABEAS CORPUS CASE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Robert M. Takasugi,

United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

### I

The petitioner Harold Goldstein is a federal prisoner, who on March 1, 1996, filed a Notice of Motion and Motion for Writ of Coram Nobis or Other Extraordinary Remedy, pursuant to 28 U.S.C. § 1651, with supporting memorandum. In his petition, the petitioner seeks an Order which "amends, supplements, corrects, or clarifies the Order issued by this Court in March of 1992." Specifically, the petitioner claims that he is entitled to sentence credits of twenty-three (23) months and four (4) days for time spent in prison after being illegally arrested and incarcerated on July 12, 1989, on a parole violator warrant issued by respondent United States Parole Commission ("Commission"), which lacked jurisdiction to issue the warrant.

On July 12, 1996, respondents filed their response, with supporting memorandum of points and authorities, declaration of Julien A. Adams, and exhibits. The respondents concede, in their response, that petitioner should receive sentence credits totaling sixteen (16) months for the time petitioner illegally served from July 12, 1989, to December 1, 1990. On July 22, 1996, petitioner filed a reply in which he accepts the respondents' concession and computation of sixteen months sentence credits toward his current sentence; however, petitioner also seeks immediate release on his own recognizance while respondents recompute his sentence. (Consolidated Memorandum, 2:12–27). The Court, on August 7, 1996, requested that respondents reply to petitioner's request for immediate release and advise the Court regarding petitioner's projected parole date.

On August 20, 1996, the respondents filed their response, advising that petitioner's projected release date is December 30, 1996, and agreeing that he should be immediately released from custody.

### II

The petitioner has a lengthy and complicated history as a federal prisoner.[1] The petitioner was convicted of mail fraud and conspiracy in the United States District Court for the Northern District of Georgia and on November 12, 1976, was sentenced to seven years (84 months) imprisonment, with presentence credit from June 8, 1976. On April 16, 1979, the petitioner was paroled after serving 35 months and began serving a term of 48 months on parole, which was to expire on June 9, 1983.

On February 20, 1981, the Commission issued a parole violator warrant against petitioner. The warrant was lodged as a detainer against petitioner, who was arrested the next day and held on state charges. The parole violator warrant was supplemented on June 21, 1982. On June 6, 1983, the petitioner was sentenced to ten years imprisonment for the state offenses. Following a parole revocation hearing on October 9, 1984, the Commission, due to the state court conviction, revoked petitioner's parole and ordered that none of the time petitioner had spent on parole, i.e., "street time," would be credited toward satisfying his underlying federal sentence. The Commission's actions were reflected in a Notice of Action dated August 14, 1986, which stated: "Parole effective September 1, 1986 after the service of 66 months to the concurrent state sentence."

The petitioner was released from state custody on October 2, 1986, after signing a Certificate of Parole providing that he was to remain under the Commission's supervision until October 23, 1990. Once released on parole, the petitioner was again arrested on state charges and on March 14, 1988, peti-

---

1. Fortunately, much of this history is documented in court records, of which this Court takes judicial notice under Federal Rule of Evidence 201: *United States v. Goldstein*, CR 93–0050–EFL, (N.D.Ca.); *United States v. Goldstein*, CR 94–0528–EFL (N.D.Ca.); *United States v. Gold-*stein, CR 94–0529–EFL (N.D.Ca.); *People v. Goldstein*, A798363 (Los Angeles County Superior Court); *United States v. Goldstein*, CR 89–605–EFL (N.D.Ca.); *United States v. Goldstein*, CR 90–589 (C.D.Ca.).

tioner was sentenced to 48 months in state prison. The Commission issued a parole violator warrant against petitioner on June 15, 1987, and the warrant was lodged as a detainer against petitioner while he was in state custody. The petitioner was released from state custody on July 12, 1989, at which time he was taken into federal custody based on the 1987 parole violator warrant.

On December 28, 1987, the petitioner filed a writ of habeas corpus in this Court challenging the Commission's jurisdiction to issue the parole violator warrant. The petitioner contended that the Commission, in light of its Notice of Action issued on August 14, 1986, had terminated petitioner's parole as of September 1, 1986. This Court denied the habeas corpus petition. On January 6, 1992, the Court of Appeals for the Ninth Circuit reversed the decision and remanded the action to this Court. *See Goldstein v. United States Parole Comm'n*, 952 F.2d 406, 1992 WL 2786 (9th Cir.Cal.) (unpublished disposition). On April 14, 1992, this Court filed and spread the mandate and referred the action to Magistrate Judge Venetta S. Tassopulos for further action. On April 21, 1992, Judge Tassopulos issued an Order that petitioner be released from custody and that the government file a status report. On April 27, 1992, the government certified that petitioner was released from custody on January 15, 1992, to commence a three year term of supervised release.

While petitioner was in federal custody, he was indicted in the Northern District of California in *United States v. Goldstein*, CR 89–605–EFL and in the Central District of California in *United States v. Goldstein*, CR 90–589. The petitioner entered into a plea agreement with the Government on the charges. Pursuant to the plea agreement, petitioner pleaded guilty to counts 10, 11, and 12 (aiding and abetting the interstate transportation of stolen property) in the Northern District action and to count 2 (mail fraud) in the Central District action. The Government agreed to recommend the low end of the sentencing range on petitioner's conviction in the Northern District and 13 months on petitioner's conviction in the Central District, to be served consecutively to the time imposed

on the Northern District conviction. The parties also agreed that the judgment would be nunc pro tunc as of December 1, 1990, to be served concurrently with any other term petitioner was serving at the time. The intention of the parties in agreeing to give the petitioner sentence credits for time served from December 1, 1990, was to permit the petitioner to be released from federal custody on the date of the plea—January 13, 1992. On January 13, 1992, petitioner was sentenced to 20 months on his conviction in the Northern District and to 13 months on his conviction in the Central District, for a total term of 33 months. The petitioner was then released.

After his release, new federal charges were brought against petitioner resulting in the following convictions and sentences: (a) on March 25, 1994, in *United States v. Goldstein*, CR 93–0050 (N.D.Ca.), petitioner was convicted of four counts of wire fraud, one count of unlawful financial transactions and one count of trafficking in counterfeit goods, for which he was sentenced to a term of 57 months imprisonment and three years supervised release; (b) on March 31, 1995, in *United States v. Goldstein*, CR 94–0528 (N.D.Ca.), petitioner was convicted of wire fraud for which he was sentenced to a term of 30 months with three years supervised release, to begin March 31, 1994, and to run concurrently with his sentence in CR 93–0050; and (c) on March 31, 1995, in *United States v. Goldstein*, CR 94–0529–EFL (N.D.Ca.), petitioner was convicted of perjury, for which he was sentenced to a term of 18 months with three years supervised release, to run concurrently with the sentence imposed in CR 94–0528–EFL.

## DISCUSSION

### III

■ An individual no longer in custody may employ the writ of error coram nobis to attack his conviction. *United States v. Morgan*, 346 U.S. 502, 511–13, 74 S.Ct. 247, 252–54, 98 L.Ed. 248 (1954); *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir.1995). "The petition fills a very precise gap in federal criminal procedure. A convicted defendant in federal custody may petition to have

a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255. However, if the sentence has been served, there is no statutory basis to remedy the 'lingering collateral consequences' of the unlawful conviction. Recognizing this statutory gap, the Supreme Court has held that the common law petition for writ of error coram nobis is available in such situations, even though the procedure authorizing the issuance of the writ is abolished for civil cases by Fed.R.Civ.P. 60(b). District courts are authorized to issue the writ pursuant to the All Writs Act, 28 U.S.C. 1651(a) (1994)." *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir.1994) (citations omitted).

■■■ Here, petitioner seeks a writ of error coram nobis although he remains in custody and is challenging the length of his sentence. The writ of error coram nobis is, thus, not the proper legal procedure for petitioner to employ; rather, the petitioner should have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See e.g., Tyler v. United States,* 929 F.2d 451, 453 n. 5 (9th Cir.), *cert. denied,* 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 108 (1991); *Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir.1991); *United States v. Giddings,* 740 F.2d 770, 771 (9th Cir.1984). The federal courts have a responsibility to construe liberally pro se prisoners' pleadings as habeas corpus petitions where the interests of justice demand. *Brown v. Vasquez,* 952 F.2d 1164, 1166 n. 7 (9th Cir.1991), *cert. denied,* 503 U.S. 1011, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992); cf. *Morgan,* 346 U.S. at 505–06, 74 S.Ct. at 249–50. Thus, this Court will treat petitioner's motion for writ of error coram nobis as a petition for writ of habeas corpus.

■■■ The parties, here, agree that the petitioner illegally served thirty (30) months in federal prison from July 12, 1989, to January 13, 1992, based on a federal violator warrant the Commission had no jurisdiction to issue. In the plea agreement entered into with the Government, the petitioner was released from custody on January 13, 1992, having been given credit for some of this time, specifically from December 1, 1990, to the date of his release. The petitioner has not, however, received any sentence credits for the period from July 12, 1989, to December 1, 1990.[2] This Court finds that petitioner is entitled to be credited with sixteen (16) months sentence credits for that period of incarceration.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting the Report and Recommendation; (2) GRANTING a writ of habeas corpus; and (3) directing that Judgment be entered directing the United States Parole Commission to credit petitioner with sixteen (16) months of sentence credits for time illegally served from July 12, 1989, to December 1, 1990, and to forthwith release petitioner from custody.

DATE: August 23, 1996

---

2. The petitioner contends that part of the credit he should receive for this time includes "good time" credits under the "old law"; nevertheless, he is willing to accept the Government's concession and offer of sixteen (16) months sentence credits. The Court does not, here, determine the merits of petitioner's claim for "good time" credits.