**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DAN L. STEFANOFF,

　　　　Defendant-Appellant

_____

STEFANOFF ELECTRIC
CORPORATION, 123 North Birch,
Jenks, OK  74037

　　　　Garnishee.

No.  97-7044
(D.C. No. 88-CR-33-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**　*

---

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

---

*　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On November 17, 1988, defendant pleaded guilty to three banking-related felonies in federal court. [1] Imposition of a sentence on each count was suspended, and defendant was put on probation for five years and fined $250,000. Defendant was ordered to pay the fine in five annual installments of $50,000, plus interest, with the final payment due on or before October 1, 1993. By the end of August 1993, however, defendant had paid only $49,000 of the fine. In early September 1993, the government began using garnishment procedures to collect the outstanding fine.

In April 1994, after defendant had served his probationary period, he filed a pleading, entitled "Supplemental Memorandum as Relates to Garnishment Issues and Whether Defendant Stefanoff is Still Indebted to the United States of America," in which he argued that he had no further liability for the fine. Defendant advanced two alternative claims in his memorandum. First, he contended that the sentencing court unlawfully imposed a fine of $250,000. Defendant argued that the court had no authority to impose a fine greater than $25,000, which defendant had since paid. Alternatively, defendant argued that even if the $250,000 fine was lawfully imposed, he was discharged from any

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

continuing liability for the fine on November 17, 1993, when his probation ended. On April 3, 1997, the district court entered an order denying defendant relief. The court concluded that defendant had been sentenced properly and that the expiration of his probationary period did not exonerate defendant from liability for the unpaid fine. Defendant now appeals.

As an initial matter, we must determine whether we have jurisdiction to hear this appeal. Defendant filed his notice of appeal from the April 1997 order before the sixty days required in a civil case involving the government under Fed. R. App. P. 4(a), but after the ten days required in a criminal case under Fed. R. App. P. 4(b). The government argues that this is a criminal case and, therefore, that the notice of appeal was untimely. Defendant, in turn, argues that because he raised his claims as a defense to the government's continuing garnishment activities, the action is inherently civil.

Although defendant raised his claims in the process of defending against the government's collection efforts, his claims did not attack the garnishment procedures being used by the government. Instead, defendant's claims attacked his conviction and sentence. While we might otherwise construe defendant's collateral attack as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, we note that he did not assert the claims at issue until after his probationary period had expired. Therefore, we doubt that defendant met the "in

-3-

custody" requirement of § 2255 at the time he asserted his claims in the district court. _See, e.g._, _United States v. Michaud_, 901 F.2d 5, 6-7 (1st Cir. 1990) (holding that defendant who had served confinement portion of sentence, but remained obligated to pay $60,000 fine, was not "in custody" for § 2255 purposes). Nonetheless, a criminal defendant who seeks to collaterally attack his conviction and sentence, but who is no longer in custody, is not without remedy: he may file a petition for writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). _See_ _United States v. Morgan_, 346 U.S. 502, 511 (1954) (holding that district court has power to grant writ of error coram nobis challenging criminal, as opposed to civil, judgment); _United States v. Mischler_, 787 F.2d 240, 241 & n.1 (7th Cir. 1986) (approving use of writ of error coram nobis to challenge restitution order). Therefore, we will construe defendant's "supplemental memorandum" as a petition for a writ of error coram nobis.

We have held that the time for appealing the denial of a writ of error coram nobis is the same as that for appealing the denial of a § 2255 motion: sixty days. _See_ _United States v. Pinto_, 1 F.3d 1069, 1070 (10th Cir. 1993). Therefore, defendant's notice of appeal was timely filed, and we have jurisdiction over the appeal. We turn then to the merits of defendant's appeal.

> The writ of _coram nobis_ is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal

convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.

United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994) (quotations and citation omitted). "[T]he burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant first claims that the sentencing court erroneously imposed a fine greater than $25,000. The district court sentenced defendant under the alternative fines provisions of the Criminal Fine Enforcement Act of 1984 ("CFEA"), Pub. L. No. 98-596, 1984 U.S.C.C.A.N. (98 Stat.) 3134, 3137 (formerly codified at 18 U.S.C. § 3623), which permitted imposition of a fine up to $250,000 for a felony conviction. Defendant did not appeal his sentence. However, he now argues that at the time he was sentenced, the alternative fines provisions of 18 U.S.C. § 3623 had been repealed by the Sentencing Reform Act of 1984 ("SRA"), Pub. L. No. 98-473, ch. 2, sec. 212(a)(2), 1984 U.S.C.C.A.N. (98 Stat.) 1987, 1987, which was enacted on October 12, 1984 as part of the Comprehensive Crime Control Act of 1984. Therefore, defendant contends, the court had authority to impose a fine no greater than $25,000, the aggregate amount of fines provided by each of the specific criminal offense statutes to which defendant pleaded guilty.

At the outset, we note that defendant could have raised this challenge to his sentence on direct appeal, but failed to do so. "[C]oram nobis . . . (like habeas

corpus) cannot be used to reach issues that could have been raised by direct appeal. . . ."   Barnickel v. United States   , 113 F.3d 704, 706 (7th Cir. 1997).  In any event, defendant's argument is without merit.  The CFEA, which was enacted on October 30, 1984, provided that the alternative fines provisions would apply to offenses committed after December 31, 1984.  Pub. L. No. 98-596, sec. 10, 1984 U.S.C.C.A.N. (98 Stat.) 3138.  The SRA, as amended by the Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, sec.4, 1985 U.S.C.C.A.N. (99 Stat.) 1728, 1728, and the Sentencing Act of 1987, Pub. L. No. 100-182, sec. 2, 1987 U.S.C.C.A.N. (101 Stat.) 1266, 1266, applies only to offenses committed after November 1, 1987.   See, e.g. , United States v. Sanchez   , 907 F.2d 127, 128 (10th Cir. 1990).  Because defendant's offenses were committed between May 1985 and May 1986, the district court properly sentenced defendant under the alternative fines provisions of the CFEA.

We turn to defendant's claim that, if he was properly sentenced under the CFEA, then by that act's own terms, his liability for the fine ended upon his successful completion of probation.  Section 12(a)(1)(2) of the CFEA amended the provisions of 18 U.S.C. § 3651 concerning probation, by striking out the following paragraph, which had been added by the SRA:     [2]  "'If the court has imposed and ordered execution of a fine and placed the defendant on probation,

---

[2]     See Pub. L. No. 98-473, sec. 238(b), 1984 U.S.C.C.A.N. (98 Stat.) 2038.

-6-

payment of the fine or adherence to the court-established installment shall be a condition of the probation.'" Pub. L. No. 98-596, 1984 U.S.C.C.A.N. (98 Stat.) 3139. Section 12(a)(1)(3) of the CFEA further amended § 3651 by striking out the last paragraph, which had also been amended by the SRA, [3] and inserting in lieu thereof the following: "The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation." Pub. L. No. 98-596, 1984 U.S.C.C.A.N. (98 Stat.) 3139. Based on the amendment contained in CFEA section 12(a)(3), defendant argues that his successful completion of his probationary period fully discharged his liability for the fine.

As the district court pointed out, however, section 4 of the CFEA made further amendments to 18 U.S.C. § 3651. Most significantly, section 4 altered the language in the final paragraph of § 3651 that had been added by CFEA section 12(a)(1)(3), by striking out the words "'fine or other punishment'" and inserting in lieu thereof the words "'punishment (other than a fine).'" [4] Pub. L. No. 98-596, 1984 U.S.C.C.A.N. (98 Stat.) 3136. CFEA section 4 then added the following language to the final paragraph:

---

[3] See Pub. L. No. 98-473, sec. 238(c), 1984 U.S.C.C.A.N. (98 Stat.) 2038

[4] Thus, the first sentence of the final paragraph of § 3651 would read: "The defendant's liability for any punishment (other than a fine) imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation."

"If at the end of the period of probation, the defendant has not complied with a condition of probation, the court may nevertheless terminate proceedings against the defendant, but no such termination shall affect the defendant's obligation to pay a fine imposed or made a condition of probation, and such fine shall be collected in the manner provided in section 3565 of this title."

Id.

Defendant argues that the amendments to § 3651 made by CFEA sections 4 and 12 created two categories of criminal offenders: those who successfully complete their probationary period and, therefore, are fully discharged from any further liability on their fines, pursuant to section 12; and those who do not comply with all the conditions of their probation and, therefore, are not discharged from payment of the fine, pursuant to section 4. Defendant claims he is entitled to the full discharge granted by section 12.

Defendant's argument is flawed in two respects. First, the amendments to § 1365 made by CFEA sections 4 and 12 were not intended to coexist. The amendments made by section 12 became effective as of October 12, 1984, the day on which Congress enacted the SRA. See Pub. L. No. 98-596, sec. 12(b), 1984 U.S.C.C.A.N. (98 Stat.) 3140 (referring to H. J. Res. 648, 98th Cong., enacted as Pub. L. No. 98-473, 1984 U.S.C.C.A.N. (98 Stat.) 1837). The amendments made by CFEA section 4, however, did not become effective until December 31, 1984. See Pub. L. No. 98-596, sec. 10, 1984 U.S.C.C.A.N. (98 Stat.) 3138. Thus, Congress first reversed some of the changes to § 3651 made by

-8-

the SRA, through CFEA section 12, and then amended the restored version of § 3651, through CFEA section 4. _Cf._ United States v. Atlantic Disposal Serv.,Inc. , 887 F.2d 1208, 1210-11 (3d Cir. 1989) (tracking relationship between provisions of CFEA and SRA).

Second, defendant's argument ignores the first change to § 3651 made by CFEA section 4, which was to provide that a defendant's fulfillment of the terms and conditions of probation would discharge his liability for any punishment other than a fine . A proper reading of the CFEA and SRA reflects that, if a defendant committed his offense after December 31, 1984, but before November 1, 1987, his successful completion of probation would not discharge his continuing liability for any unpaid fine imposed. Therefore, the district court correctly determined

that defendant was still liable for the full amount of the unpaid fine at issue here.

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge