**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

ALBERT J. THOMAS, SR.,

   Defendant - Appellant.

No. 02-3145
D.C. No. 00-CR-10026-01-JTM
and 01-CV-3345-JTM
(D. Kansas)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

 * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal arises out of proceedings in the United States District Court for the District of Kansas, where the defendant Albert J. Thomas, Sr., pleaded guilty to the following charges: (1) manufacture of cocaine base, (2) distribution of cocaine base; and (3) possession with intent to distribute cocaine base, all in violation of 21 U.S.C. § 841(a)(1). Mr. Thomas now seeks to collaterally attack those convictions. Because Mr. Thomas signed a written plea agreement in which he waived his right to challenge his sentence, we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

The waiver provision of Mr. Thomas's plea agreement states:

> The defendant . . . is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concession made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, section 2255.

Rec. vol. I, doc. 133, attach. 1, at 2-3 (Plea Agreement, filed May 17, 2000). The agreement adds that "the parties further agree that the United States has made no

promises or representations to this defendant or his attorney regarding what sentence might be imposed or which sentencing guideline level will be appropriate." Id. at 3.

During the plea hearing, Mr. Thomas stated that he understood the provisions of the plea agreement, that no "force, threats, duress or coercion or any other . . . promises other than what's contained in the plea agreement" had been employed to induce him to enter into the plea agreement, Rec. vol. II, doc. 132, at 22 (Change of Plea Hr'g, May 17, 2000), that he had had the opportunity to consult with his counsel about the plea agreement, and that he was satisfied with counsel's representation. Additionally, the district court asked Mr. Thomas if he understood that "you're not going to be able to attack your sentence collaterally or what we typically call a habeas corpus petition, a § 2255 action. You understand that?" Id. at 33. Mr. Thomas responded affirmatively. Id.

The district court accepted Mr. Thomas's guilty plea. The court subsequently sentenced him to concurrent terms of imprisonment of 108 months on each of the three counts.

Proceeding pro se, Mr. Thomas then filed a series of motions challenging his sentence, including (1) a Writ of Error Coram Nobis at Common Law;"[1] (2) a

---

[1] "In Latin, 'coram nobis' means 'before us.' Originally, the petition was submitted in the court of the King's Bench, or 'before us' in the sense of being

(continued...)

"Clarification of 28 USC §§1651 & 1654 Pursuant to a Writ of Error Coram

Nobis at Common Law;" (3) an "Amended Writ of Error Coram Nobis at

Common Law;" (4) a "Motion for Pre-trial Detention Jail Credit;" (5) a motion

under 28 U.S.C. § 2255; and (6) a motion requesting grand jury records regarding

his indictment.   See Rec. vol. I, docs. 114, 117, 118, 125, 131, and 137.  The

district court treated all these motions as requesting relief pursuant to 28 U.S.C. §

2255.  See Rec. vol. I, doc. 140, at 5 (Order, filed March 14, 2002).     [2]   The court

rejected Mr. Thomas's various challenges to his sentence on the grounds of the

_____

[1](...continued)
before the King. In contrast, the writ of coram vobis, an analogous procedure, was brought before judges of the court of Common Pleas, or 'before you.' The distinction between these terms is 'virtually meaningless in the American context.'" United States v. Sawyer, 239 F.3d 31, 37 n.4 (1st Cir. 2001) (quoting M. Diane Duszak, Note, *Post- McNally Review of Invalid Convictions Through the Writ of Coram Nobis*, 58 Fordham L.Rev. 979, 981 n. 18 (1990)).

The Supreme Court has explained that a writ of coram nobis is an "extraordinary remedy" allowed "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954); see also Klein v. United States, 880 F.2d 250, 253 (10th Cir.1989) ("The writ is available only to correct errors that result in a complete miscarriage of justice."). (internal citation and quotation marks omitted).  The writ is usually only applied in cases where the petitioner has served his sentence and is no longer in custody or has not yet begun serving the challenged sentence. United States v. Johnson , 237 F.3d 751, 755 (6th Cir. 2001) ("[T]he writ of coram nobis is available only when a § 2255 motion is unavailable--generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief.") (internal quotation marks omitted).

[2]  Because Mr. Thomas is currently in custody, we agree with the district court's characterization of these motions as seeking relief under § 2255. See Johnson, 237 F.3d at 755 ("A prisoner in custody is barred from seeking a writ of error coram nobis.").

waiver provision of the plea agreement. Alternatively, the district court rejected Mr. Thomas's claims on the merits. Mr. Thomas now appeals that ruling.

## II. DISCUSSION

Mr. Thomas seeks a certificate of appealability on (1) claims involving the alleged ineffective assistance of counsel and (2) the denial of access to records of the grand jury proceedings. He also seeks to proceed in forma pauperis.

In order to receive a certificate of appealability (which Mr. Thomas must obtain in order to prosecute this appeal), Mr. Thomas must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Thomas may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). In order to proceed in forma pauperis in this appeal, Mr. Thomas "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Upon review of the record, we conclude that Mr. Thomas has failed to meet these standards.

In United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), we held that "a waiver of collateral attack rights brought under § 2255 is generally

enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[3] Importantly, that general rule is subject to several exceptions, including "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or whether the agreement is otherwise unlawful." Id. at 1182. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." Id. at 1187 (emphasis added).

Accordingly, when a defendant who has waived his or her right to collaterally attack a sentence subsequently asserts a claim for ineffective assistance of counsel, we must determine what particular conduct the defendant has challenged. Claims asserting that, because of counsel's ineffectiveness, either the plea or the waiver is invalid, are not subject to waiver. On the other hand,

---

[3] But see Cockerham, 237 F.3d at 1191 (Briscoe, J., concurring and dissenting) (concluding that "a defendant can[not] fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations") (emphasis added).

"[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Id. at 1187.

A. Ineffective Assistance of Counsel Claims

In his appellate brief, Mr. Thomas advances the following contentions regarding ineffective assistance of counsel: (1) "counsel negotiated away movant's right to file pre-trial motions which robbed him of a just and concise evaluation of the situation and exactly what the nature and cause of his charge in regard to evidence against him;" (2) "counsel allowed the prosecution to breach the agreement made by all the parties;" (3) "counsel failed to file a notice of appeal per movement's request;" and (4) "counsel allowed [the] prosecution to use prior convictions to enhance movant's sentence." Aplt's Br. at 3. Significantly, Mr. Thomas does not provide any additional details as to the factual basis for these claims.

Upon review of Mr. Thomas's brief, we conclude that these ineffective assistance of counsel claims do not relate to the validity of the plea agreement and waiver. As a result, Mr. Thomas has waived the right to bring these challenges.

In particular, Mr. Thomas's first and fourth ineffective assistance claims—that "counsel negotiated away movant's right to file pre-trial motions" and that "counsel allowed [the] prosecution to use prior convictions to enhance

movant's sentence"—merely describe the results of the plea agreement and waiver: Mr. Thomas's counsel did not take these steps because Mr. Thomas relinquished the right to do so. The fact that counsel acted consistently with the provisions of the waiver in no way indicates that he was ineffective in advising Mr. Thomas regarding the proposed waiver, and Mr. Thomas has set forth no specific facts indicating that his counsel's performance was deficient in this regard.

Mr. Thomas's second allegation of ineffective assistance—that his counsel "allowed the prosecution to breach the agreement made by all the parties"— is simply too vague to provide any basis for relief. See Murrell v. Shalala, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (stating that "perfunctory complaints [which] fail to frame and develop an issue [are] insufficient to invoke appellate review"). Mr. Thomas does not explain how the prosecution breached the agreement or how this alleged conduct affected the ultimate disposition of this case.

Mr. Thomas's third allegation of ineffective assistance of counsel is similarly insufficient to overcome the waiver provision. Although he alleges that his counsel "failed to file a notice of appeal per movement's request," he does not explain on what basis such an appeal could have been filed. Because the plea agreement contained a waiver of appeal provision, there were only limited

grounds upon which an appeal could have been filed. See Cockerham , 237 F.3d at 1182 (noting that agreements waiving the right to appeal are subject to certain exceptions, including "where the court relied upon an impermissible factor such as race, or whether the agreement is otherwise unlawful"). Mr. Thomas does not argue that one of these exceptions is applicable.

Because Mr. Thomas's ineffective assistance claims do not relate to the validity of the plea agreement and waiver, he has waived the right to assert them in collateral proceedings "so long as he knowingly and voluntarily entered the plea and made the waiver." Id. at 1188. Our review of the plea proceedings indicates that Mr. Thomas's plea and waiver were knowing and voluntary, and in this appeal he has failed to point to any evidence in the record supporting the contrary conclusion. In light of the waiver provision of the plea agreement, we therefore conclude that the district court properly denied Mr. Thomas's post-conviction motions insofar as they concerned his ineffective assistance of counsel claims.

### B. Denial of Access to Grand Jury Records

Mr. Thomas also argues that he should have been provided with materials relating to the grand jury proceedings relating to his indictment. As the district court noted, "[w]ith few exceptions . . ., records of grand jury proceedings are not

to be disclosed." Rec. vol. I, doc. 140 at 7 (citing United States v. Troutman, 814 F.2d 1428, 1452 (10th Cir. 1987)); see also Troutman, 814 F.2d at 1453 ("[U]pon the showing of a particularized rather than a general need, the minutes [of a grand jury proceeding] should be disclosed in a discrete and limited manner."). In any event, the plea agreement and waiver preclude Mr. Thomas from now asserting this claim.

## III.  CONCLUSION

For the reasons set forth above, we therefore DENY Mr. Thomas's application for a certificate of appealability and DENY his application to proceed in forma pauperis, and we DISMISS this appeal.


Entered for the Court,


Robert H. Henry
Circuit Judge