**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID RAY GADDIS,

      Defendant-Appellant.

No. 05-6390
(D.C. No. 00-CV-387-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

This case is before us on defendant-appellant David Gaddis' appeal from

the district court's order denying his motion for writ of error coram nobis and the

court's denial of his motion to reconsider that order. Mr. Gaddis was convicted

by a jury of nine criminal counts related to his activities in defrauding his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

business partner Sears, Roebuck and Company, by submitting phony invoices for installation services that were never performed. Mr. Gaddis appealed his conviction and, when his conviction was upheld by an order and judgment, *see United States v. Gaddis*, 198 F.3d 259 (table), No. 98-6273, 1999 WL 824416 (10th Cir. Oct. 15, 1999), also filed a motion under 28 U.S.C. § 2255. His § 2255 motion was denied as was his appeal from that denial, *see United States v. Gaddis*, 12 F. App'x 733 (10th Cir. 2001).[1]

Following his release from prison, Mr. Gaddis filed his motion for a writ of error coram nobis. In his motion Mr. Gaddis argued that he should be granted relief because his trial lawyer had been ineffective for not arguing that his contractual agreement with Sears allowed him to charge for installations that he had not yet completed. He further argued that this ineffectiveness was proven by a memorandum "prepared by a law firm which had been retained by Sears" that "strongly tended to exculpate him." Appellant's Appendix at 31.

The district court denied his motion on two grounds: (1) that Mr. Gaddis had not shown due diligence in filing his motion for a writ of error coram nobis in that the only reason he gave for waiting almost two years after his release from prison to file the motion was that he had been unable to find an attorney to represent him, and (2) that he had argued that there was insufficient evidence to

---

[1] The full facts regarding Mr. Gaddis' case are set forth in the above-referenced orders and judgments of this court and need not be repeated here.

support his conviction on direct appeal and in his § 2255 proceedings and that coram nobis relief is not available to relitigate issues. The district court also denied Mr. Gaddis' request for an evidentiary hearing on his claims and subsequently denied his motion to reconsider which was in substance a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

On appeal, Mr. Gaddis argues that it was not a failure of due diligence to wait two years to file his motion because he should not have been expected to file the motion pro se. He further asserts that while it was previously argued that he did not have the necessary intent to commit the crime for which he was charged, his motion for coram nobis relief sought to argue that the invoices in question were proper under the terms of the contract and, therefore, no crime was committed. He also argues that it was therefore error for the district court not to have held an evidentiary hearing.

On appeal, we review factual findings for clear error, *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996), and questions of law de novo, *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). We review the district court's ultimate decision to deny the writ of error coram nobis for an abuse of discretion. *Id*.

Keeping the above standards foremost in mind, we have carefully reviewed the parties' briefs and appendices. For the reasons set forth in the district court's October 12, 2005, Memorandum Opinion and Order and the district court's

November 3, 2005, Memorandum Opinion and Order, we AFFIRM the denial of

Mr. Gaddis' motion for writ of error coram nobis and his motion to reconsider.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge