**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 9, 2007**

**TENTH CIRCUIT**

WILLIAM J.R. EMBREY,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 07-7031
(D.C. No. 06-CV-437-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

      William J.R. Embrey, proceeding *pro se*, seeks a writ of *coram nobis*
challenging his 1969 federal bank-robbery conviction. Construing his petition
with the liberality it is due, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007);
*Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), Mr. Embrey suggests
his aged conviction rests on a violation of the federal structure of our
Constitution. Because, among other defects, the writ of *coram nobis* is not a

---

      [*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proper vehicle for (re)litigating years- or decades-later issues that were or could have been raised earlier, we affirm the district court's dismissal of Mr. Embrey's petition.

* * *

Three weeks before Christmas, on December 4, 1968, Mr. Embrey robbed Webbers Falls State Bank, a bank in Muskogee County, Oklahoma, insured by the Federal Deposit Insurance Corporation, taking $793.  In 1969, a federal grand jury charged him with one count of violating 18 U.S.C. § 2113(a), the Federal Bank Robbery Act; the indictment specifically stated that the stolen money was "insured by the Federal Deposit Insurance Corporation."  Indictment, Tab 4, Gov't Ex.  Following trial, the United States District Court for the Eastern District of Oklahoma convicted Mr. Embrey and sentenced him to eight years of incarceration – a sentence that was to run consecutively to a separate state sentence.  *See* J. and Commitment, Tab 4, Gov't Ex., at 1.  After serving his state sentence, Mr. Embrey, on May 19, 1972, commenced his eight-year federal sentence.  *See* Return, Tab 4.

Following such a long spell in prison for his original offense, one would have hoped Mr. Embrey might have found another line of work; as it was, he rapidly returned to his former trade.  In 1980, shortly after his release, the United States District Court for the Western District of Missouri convicted Mr. Embrey

after he committed another bank robbery and sentenced him back to prison. *See* Dec. 23, 1988 Mem. Order E.D. Okla., at 1-2, Tab 4, Gov't Ex., at 7.

On July 5, 1988 – more than 19 years after his first bank-robbery conviction but while serving his sentence for the second bank robbery – Mr. Embrey sought to attack his 1969 conviction collaterally in a petition seeking a writ of *coram nobis* or *habeas corpus*. Mr. Embrey claimed, *inter alia*, that because the 1969 indictment failed to mention 18 U.S.C. § 2113(f), which defines "bank" under the Federal Bank Robbery Act as "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation," the grand jury failed to charge and the government failed to prove that Mr. Embrey committed a federal, rather than a state, crime. *See* June 30, 1988 Coram Nobis or 28 U.S.C. § 2255, Tab 4, Gov't Ex., at 3, at 2-7; *see also* Aug. 12, 1988 Embrey Reply, at 1-8, Tab 4, Gov't Ex., at 5. The district court analyzed the petition as one for *habeas corpus* relief and dismissed it for lack of jurisdiction because Mr. Embrey had completed his sentence for the 1969 bank robbery and thus was no longer "in custody" (at least for the challenged 1969 bank-robbery conviction) under the statute. *See* J., Tab 4, Gov't Ex., at 6; *see also* Dec. 23, 1988 Mem. Order E.D. Okla., at 1-2, Tab 4, Gov't Ex., at 7. It is unclear from the record before us whether Mr. Embrey appealed.

Turning at last to the events giving rise to this particular appeal, on October 6, 2006, Mr. Embrey filed in the United States District Court for the

Eastern District of Oklahoma another petition for writ of *coram nobis* challenging his 1969 conviction. In a similar but slightly different vein to his 1988 petition, Mr. Embrey challenged the jurisdiction of the 1969 court on the basis that he committed a purely intrastate offense and therefore the district court's proceedings represented an intrusion on state sovereignty. *See* Oct. 6, 2006 Coram Nobis, Tab 1.

On March 30, 2007, the district court denied Mr. Embrey's requested relief, holding that Mr. Embrey failed to meet his heavy burden of showing his 1969 conviction represented a "complete miscarriage of justice." *See* Feb. 26, 2007 Mag. J. Rep. and Rec., at 4. Indeed, Mr. Embrey *admitted* that he robbed the Oklahoma bank, arguing only that a purely intrastate bank robbery should not count as a federal crime. *See, e.g.*, Dec. 8, 2006 Embrey Ans. Br., Tab 5, Gov't Ex., at 56. Mr. Embrey timely filed this present appeal on June 4, 2007, contending that the district court lacked jurisdiction to convict him, because (1) the grand jury charged him in, and the district court convicted him based upon, a defective indictment, as he outlined in his (resurrected) 1988 petition; and (2) he committed a purely intrastate bank robbery, and under the Constitution (including Article I, § 8, Clause 17; Article IV, § 4; the Ninth Amendment; and the Tenth Amendment), Article II of the Articles of Confederation, and a plethora of pre-New-Deal-Era cases, the federal government trampled Oklahoma's sovereignty, as he outlined in his 2006 district court argument. *See* Aplt. Op. Br. at 1-26.

- 4 -

* * *

In its common law form, the writ of *coram nobis* was a "procedural tool whose purpose [was] to correct errors of fact only, and its function [was] to bring before the court rendering judgment matters of fact, which if known at [the] time of judgment was rendered, would have prevented its rendition."  Black's Law Dictionary 338 (6th ed. 1990).[1]  Despite the advent of the federal rules replacing many common law procedures, the writ remains with us, albeit in a somewhat modified form.  In *United States v Morgan,* 346 U.S. 502 (1954), the United States Supreme Court explained that the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to continue to issue the writ in extraordinary cases, including to address invalid convictions which have continuing consequences when the petitioner has served his or her sentence and is no longer "in custody" sufficient to invoke a *habeas corpus* proceeding under 28 U.S.C. § 2255.  *Morgan*, 346 U.S. at 506-13.

The *Morgan* Court suggested, however, three prerequisites to the granting of a writ of *coram nobis*.  First, the petitioner must have exercised diligence in bringing his or her claim.  *See id.* at 511 ("Such an attitude may reflect the rule

----

[1]  "In Latin, 'coram nobis' means 'before us.'  Originally, the petition was submitted in the court of the King's Bench, or 'before us' in the sense of being before the King.  In contrast, the writ of coram vobis, an analogous procedure, was brought before judges of the court of Common Pleas, or 'before you.'  The distinction between these terms is virtually meaningless in the American context."  *United States v. Thomas*, 49 Fed. Appx. 781, 783 (10th Cir. 2002) (unpub.) (internal citations and quotation marks omitted).

that deliberate failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right."). Under our case law, moreover, the petitioner carries the burden of demonstrating his or her due diligence. *See Klein v. United States*, 880 F.2d 250, 253-54 (10th Cir. 1989).

Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate. *See Morgan*, 346 U.S. at 512 ("[W]e think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court."). We have explained that this means the petitioner "must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255." *United States v. Carpenter*, 24 Fed. Appx. 899, 905 (10th Cir. 2001) (unpub.) (citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) and *Goldstein v. United States Parole Comm'n*, 940 F. Supp. 1505, 1508 (C.D. Cal. 1996)). Neither may the writ be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation. *See United States v. Stefanoff*, 1998 WL 327888, at *2 (10th Cir. June 22, 1998) (unpub.) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("[C]oram nobis . . . (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal."); *United States v. Miller*, 1996 WL 200330, at *1 (10th Cir. Apr. 25, 1996) (unpub.) (citing *Klein*, 880 F.2d at 254 n.1).

Third and finally, the writ is available to correct errors of a fundamental nature. *See Morgan*, 346 U.S. at 512. The proceedings leading to the petitioner's underlying criminal conviction are presumptively correct, *see id.*; *see also Klein*, 880 F.2d at 253, and the petitioner has the burden of asserting a jurisdictional or constitutional error resulting in a "complete miscarriage of justice." *Id.* To meet this burden, a petitioner must, among things, assert his or her "innocence of the charge." *United States v. Bustillos,* 31 F.3d 931, 934 (10th Cir. 1994).[2]

Given these hurdles, the Supreme Court has indicated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *see also Casias v. United States,* 421 F.2d 1233, 1234 (10th Cir. 1970) (applying *Morgan* and quoting the Supreme Court: "continuation of litigation after final judgment and exhaustion or waiver of any statutory right to review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice").

When reviewing on appeal the district court's denial of a petition for writ of *coram nobis*, we review for clear error the district court's factual findings, *de novo* questions of law, and for abuse of discretion the district court's decision to

---

[2] Traditionally, as well, the writ was "available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

deny the writ. *See United States v. Gaddis*, 200 Fed. Appx. 817, 819 (10th Cir. 2006) (unpub.) (citing *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996) and *United States v. Mandancici*, 205 F.3d 519, 524 (2d Cir. 2000)).

\* \* \*

Mr. Embrey's appeal fails on nearly all applicable scores. With respect to his first argument on appeal – the allegedly defective nature of his 1969 indictment – there is no question but that Mr. Embrey could have raised this, or any other legal deficiency in the indictment, in his original 1969 criminal proceedings. *See Stefanoff*, 1998 WL 327888, at \*2 (citing *Barnickel*, 113 F.3d at 706); *see also Miller*, 1996 WL 200330, at \*1 (citing *Klein*, 880 F.2d at 254 n.1). We have, however, no indication he did so. Instead, Mr. Embrey appears to have waited until 1988 to bring this argument to court. At that time, of course, the district court did not address the merits, instead holding that it lacked jurisdiction under Section 2255. But Mr. Embrey was free to challenge this ruling on appeal – arguing, perhaps, that a *coram nobis* petition does not require a petitioner's current incarceration. We cannot tell from the record, however, whether Mr. Embrey appealed, let alone what arguments he pursued. Given all this, we are in no position to say that Mr. Embrey has satisfied either the first or second *Morgan* prongs. Far from showing the requisite diligence, he waited years – decades even – before bringing his argument. And far from showing a lack of other modes for litigating his claim, he does not dispute that he could have raised his argument in

his direct 1969 criminal proceeding or that he did raise it once already in his 1988 collateral proceeding. Making matters worse, he did not even raise this point before the district court in the current proceedings, instead waiting to (re)launch it on appeal.

Mr. Embrey's second argument – that bank robbery ought to be treated exclusively as a state offense – likewise could have been raised in his original 1969 criminal proceedings or in his 1988 collateral proceedings. Yet, Mr. Embrey waited until October 2006 before seeking to litigate the point. Even if it were possible to overlook his lack of diligence and the fact that other modes of relief were available to him, we would agree with the district court that Mr. Embrey fails to demonstrate (or even allege) a fundamental miscarriage of justice. Indeed, far from protesting his innocence, Mr. Embrey candidly concedes he is guilty of the bank robbery at issue, *see, e.g.*, Dec. 8, 2006 Embrey Ans. Br., Tab 5, Gov't Ex., at 56, and under our received precedents, his charge that the federal government lacks constitutional authority to criminalize illicit acts in the banking field can be described no more charitably than frivolous. *See, e.g.*, *Westfall v.*

*United States*, 274 U.S. 256, 258 (1927); *Clark v. United States*, 184 F.2d 952, 953-54 (10th Cir. 1950).[3] *Affirmed.*

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[3] Neither is this the sort of factual issue traditionally suited to the *coram nobis* writ. *See supra* note 2.