**UNITED STATES COURT OF APPEALS**

**June 11, 2008**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN BALLARD

      Defendant-Appellant.

No. 07-5187
(D.C. No. 86-CR-154-TCK)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

      Defendant-Appellant John Ballard appears *pro se* and appeals from a

district court decision denying his petition for a writ of error *coram nobis*.

Ballard petitioned for the writ over twenty years after his original conviction,

arguing that he pleaded guilty because his defense counsel lied to him, that he

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recently discovered his counsel's duplicity, and that he now faces adverse collateral consequences from his conviction. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  Background

On February 4, 1987, Ballard pleaded guilty to one count of transporting, in interstate commerce, a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252. At that time, Ballard admitted to mailing one roll of undeveloped photographs – including a photograph that Ballard conceded he had taken of a nude seventeen-year-old female in a sexually explicit pose – to an undercover Federal Bureau of Investigation agent posing as a film developer. The district court sentenced Ballard to a five-year term of probation on March 20, 1987. Ballard did not appeal and subsequently satisfied the terms of his probation.

Over fifteen years later, Ballard sought to withdraw his guilty plea, in a motion dated September 9, 2002. Therein, Ballard argued that his defense counsel had deceived him into pleading guilty. Specifically, Ballard asserted that his counsel had failed to investigate the circumstances of the alleged crime, had neglected to explain the defenses that Ballard now claims would have staved off a guilty verdict at trial, and had convinced Ballard that he would go to prison for a long time if he went to trial. The district court denied the motion on April 18, 2003. Again, Ballard did not appeal.

2

On November 29, 2007, more than five years after filing his motion to withdraw his plea, Ballard filed a petition for writ of error *coram nobis*. Ballard reiterated his prior complaints about his trial counsel and added a new complaint: while his counsel had told Ballard before he pleaded guilty that he would not have to register as a sex offender based on his conviction, Ballard had received a letter in November 2006 from the State of California requiring him to register as a sex offender for the rest of his life. Additionally, Ballard noted in his petition that he fears that he will be subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 – 16962. Ballard cited these collateral consequences, in addition to his allegations regarding his defense counsel, in seeking *coram nobis* relief. The district court denied Ballard's petition on December 6, 2007. Ballard now appeals that decision.

## II.    Discussion

The writ of *coram nobis* is typically "used to attack a judgment that was infirm [at the time it was issued], for reasons that later came to light." United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quotation omitted). The All Writs Act, 28 U.S.C. § 1651(a), authorizes issuance of the writ in extraordinary criminal cases. United States v. Morgan, 346 U.S. 502, 509-13 (1954).

We have identified three prerequisites to the granting of a writ of error *coram nobis*. See Embrey v. United States, 240 Fed. Appx. 791, 793 (10th Cir.

3

2007) (unpublished). First, the petitioner bears the burden of demonstrating that he was duly diligent in bringing his claim. Id.; see also Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989). Second, the "writ is only available when other remedies and forms of relief are unavailable or inadequate." Embrey, 240 Fed. Appx. at 794; see also Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997) ("[C]oram nobis . . . (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal.").[1] Accordingly, "*coram nobis* relief is not available to litigate issues already litigated." Klein, 880 F.2d 254 n.1.

Lastly, and most fundamentally, the writ "is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice." United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994); see also Klein, 880 F.2d at 253; Embrey, 240 Fed. Appx. at 794. This final prerequisite stems from the fact that "the writ continues litigation after final judgment and exhaustion of other remedies"; as such, the writ is an "extraordinary remedy." Klein, 880 F.2d at 253; see also Carlisle v. United

[1]For this reason, *coram nobis* relief is unavailable to federal prisoners in custody for the conviction they seek to challenge. See, e.g., Torres, 282 F.3d at 1245; see also Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002) ("[C]*oram nobis* is used only in those rare situations when the defendant is no longer 'in custody' (rendering [28 U.S.C.] § 2255 unavailable) yet collateral relief remains imperative to deal with lingering civil disabilities.").
Although Ballard is currently incarcerated while awaiting trial on another federal charge, he is not in custody for the conviction his petition challenges.

4

States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (second alteration in original)).

In reviewing Ballard's petition, we presume the propriety of the original proceedings relating to his conviction; Ballard bears the burden of showing that the proceedings suffered from a fundamental flaw. Klein, 880 F.2d at 253; see also United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000). As to the district court's handling of the instant petition, we review questions of law de novo, the court's factual findings for clear error, and the court's ultimate decision to deny the writ for an abuse of discretion. Embrey, 240 Fed. Appx. at 795; United States v. Gaddis, 200 Fed. Appx. 817, 819 (10th Cir. 2006) (unpublished); Mandanici, 205 F.3d at 524. In addition, although we construe Ballard's *pro se* filings liberally, we "do not act as his advocate." Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007).

We will briefly summarize the grounds which Ballard believes entitle him to *coram nobis* relief: (1) a nude photograph of a minor is not child pornography for purposes of 18 U.S.C. § 2252; (2) 18 U.S.C. § 2252 requires the government to show that the defendant had knowledge that the minor in the visual depiction was a minor and had knowledge that the depiction was sexually explicit; (3) the government impermissibly induced him to violate § 2252; (4) the trial court did

5

not comply with then Federal Rule of Criminal Procedure 32(a)(1)(A); and (5) his defense counsel was so ineffective as to violate his Sixth Amendment rights.

Ballard's first four arguments are intertwined with his last argument: he alleges in his petition that his retained counsel did not investigate the circumstances of the crime, failed to inform him of his possible legal defenses, neglected to either share (or help him review) various critical documents, and deceived him into pleading guilty. Cf. United States v. Kwan, 407 F.3d 1005, 1014 (9th Cir. 2005) (holding that petitioner "may satisfy the fundamental error requirement by establishing that he received ineffective assistance of counsel"). Ballard claims that he recently discovered not only the extent of his counsel's deceit but also the various legal defenses that, in his estimate, would have secured him an acquittal. In addition, Ballard complains about the collateral consequences of his conviction (the requirement that he register as a sex offender in California and the possibility that he may be subject to restrictions under SORNA).

1. Whether Ballard has demonstrated due diligence in pursuing this relief

At the threshold, we consider the district court's conclusion that Ballard did not exercise due diligence in bringing his petition. The district court reasoned that "each of the claims identified by Petitioner could have been, but was not, raised in a direct appeal or in a request for collateral relief from the conviction." The court noted that Ballard's claim was not based on newly discovered evidence,

6

but on Ballard's new interpretation of the same evidence adduced by the government more than twenty years ago.

On appeal, Ballard protests that he did not learn of his counsel's ineffectiveness until recently. To the contrary, however, Ballard predicated his motion to withdraw his guilty plea on the same ineffective assistance allegations he asserts here. Thus, Ballard knew of these deficiencies at least five years ago. Ballard attempts to excuse this latest delay by averring that he was unaware of any other way to challenge his guilty plea. We do not believe that Ballard has satisfied the diligence test.

2. Whether denying the writ would result in a complete miscarriage of justice

Even assuming Ballard had pursued *coram nobis* relief with due diligence, his argument fails on the merits. Ballard has not demonstrated that denying the writ would result in a "complete miscarriage of justice." See Klein, 880 F.2d at 253. Ballard bases each of his arguments on allegations regarding his defense counsel. To mount successfully an ineffective assistance of counsel challenge, Ballard must show that his counsel's efforts were objectively unreasonable and that his counsel's deficiencies prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Ballard fails to substantiate his vague and conclusory allegations about his counsel with anything that would persuade us that his guilty plea was the product

7

of his counsel's failures. Instead, rather than demonstrating the deficiencies of his counsel, Ballard's petition seeks to recharacterize the evidence against him and his own inculpatory statements in self-serving ways.

For example, despite the original trial court's explicit finding that the photograph was sexually explicit, Ballard now disputes that finding.[2] Similarly, he proclaims that he believed at the time he took the photograph that his model was eighteen years old and that he did not know the photograph was "sexually explicit" under jurisprudence interpreting 18 U.S.C. § 2252. However, in his petition to enter a plea of guilty, Ballard attested:

> On or about March 12, 1986, I mailed into the Northern District of Oklahoma, to an undercover FBI agent an undeveloped roll of film containing film I had taken of a 17 year old girl in sexually explicit positions. I did the above knowing [and] with knowledge of the content of the undeveloped film.

While he now expressly refutes the facts that he specifically admitted in pleading guilty over twenty years ago, Ballard does not offer any proof – aside from his own conclusory assertions – that he was coerced to lie by his counsel. Based on our review of the record, we believe the "defendant knew exactly what he was doing when he entered the plea, and readily acknowledged that he was guilty." Bustillos, 31 F.3d at 934.

---

[2]At the time the court accepted Ballard's plea, the court found – based on its review of materials and statements submitted by counsel – that the minor in the picture at issue was in a sexually explicit pose.

Additionally, Ballard asserts that his defense counsel failed to investigate the details of his case and neglected to explain to him any possible defenses. However, just after Ballard pleaded guilty, his counsel filed a sentencing memorandum seeking a lenient sentence based on many of the defenses on which Ballard now relies. The sentencing memorandum argues that, although Ballard did not avail himself of the defenses of entrapment or reasonable mistake as to age at trial, they tended to mitigate his culpability for the offense. This memorandum undermines Ballard's allegations against his attorney. See Strickland, 466 U.S. at 687 ("[A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not a reasonably competent attorney and the advice was not within the range of competence demanded of attorneys in criminal cases." (quotations omitted)).

In the end, nothing in Ballard's present petition convinces us that he was coerced or deceived into pleading guilty back in 1987. Ballard has not carried his burden of proving a fundamental flaw in his conviction. See, e.g., United States v. Michaud, 925 F.2d 37, 41 (1st Cir. 1991) (holding, in regard to *coram nobis* petition, that "[e]ven *pro se* petitioners must plead specific facts backing up their claims"). A court cannot grant an extraordinary writ without extraordinary justification; and we have found none in the record before us.

9

## III.    Conclusion

The writ of *coram nobis* is an extraordinary remedy.  Ballard has not demonstrated that his underlying conviction amounts to a miscarriage of justice, nor that he acted diligently in bringing this *coram nobis* proceeding.  The district court did not abuse its discretion in denying Ballard's petition.   Accordingly, we AFFIRM.[3]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3]We also DENY Ballard's outstanding motions.