**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

RENE MARTINEZ-ARRELLANO,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 08-2233
(D. N.M.)
(D.Ct. No. 1:95-CR-00483-JAP-1)

_____

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation -- (unpublished). 10th Cir. R. 32.1(A).

Rene Martinez-Arellano,[1] appearing pro se,[2] appeals from the district court's denial of his petition for writ of error *coram nobis*.  We affirm.[3]

In February 1974, Martinez-Arellano was sentenced to three years imprisonment and a ten-year special parole term in federal court for importation of narcotics.[4]  In early 1994, he was charged with violating his parole and an arrest warrant was issued.  Pursuant to that warrant, Martinez-Arellano was placed in the Torrance County Detention Center in Estancia, New Mexico, until he could be transferred to a federal correctional facility for consideration of the parole violation charges.  On March 10, 1994, Martinez-Arellano attempted to escape from the detention center.  In September 1995, he was indicted with attempted escape from federal custody in violation of 18 U.S.C. § 751(a).  He was

---

[1] Both this Court and the district court's captions refer to the petitioner as Martinez-Arrellano.  However, in the petitioner's pro se pleadings, he refers to himself as Martinez-Arellano.  We will defer to the petitioner's spelling of his last name.

[2] We liberally construe pro se pleadings.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[3] A certificate of appealability is not necessary to appeal from the denial of a writ of error *coram nobis*.  *United States v. Torres*, 282 F.3d 1241, 1247 n.9 (10th Cir. 2002).

[4] Special parole has since been abolished in favor of supervised release.  *See Escamilla v. Warden, FCI El Reno*, 2 F.3d 344, 345 n.2 (10th Cir. 1993) ("The Sentencing Reform Act of 1984 and the Controlled Substances Penalties Amendments Act of 1984 altered the penalty scheme for federal drug offenders and, *inter alia*, deleted all references to special parole in the pre-1984 laws and replaced them with supervised release.  Those acts provided for the sentencing court, rather than the Parole Commission, to monitor the defendant's post-confinement supervised release.  The effective date for such change was November 1, 1987.") (citations omitted).

convicted by a jury and sentenced to 366 days imprisonment.  He did not file a direct appeal.

Martinez-Arellano filed a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel based on counsel's failure to (1) properly follow the court's procedures, (2) allege violations of the Double Jeopardy Clause and Speedy Trial Act and (3) challenge his attempted escape conviction as invalid because at the time of his escape he was under the jurisdiction of the Bureau of Prisons, not the Attorney General.  The district court denied the motion on the merits.  Martinez-Arellano did not seek a certificate of appealability to appeal from that denial.  Four years later, he filed a motion to dismiss the indictment under Rule 12 of the Federal Rules of Criminal Procedure.  He claimed that at the time of his attempted escape he was in custody pursuant to an outstanding warrant from the State of Arizona and for violating his federal parole.  Because neither the State of Arizona's warrant nor the federal parole violation constituted a federal offense, he argued he was not in federal custody at the time of his escape as required to state a violation of 18 U.S.C. § 751(a).  The motion was denied as untimely.

In June 2008, almost five years after his Rule 12 motion was denied, Martinez- Arellano filed the instant petition for writ of error *coram nobis*, reiterating the argument raised in his Rule 12 motion.  He also contended his

-3-

counsel was ineffective for failing to challenge the sufficiency of the indictment.[5] The court denied the petition, concluding error *coram nobis* relief was not available because the alleged errors could have been raised in the underlying criminal proceeding, on appeal or in a § 2255 motion.

Martinez-Arellano argues the court erred in denying his error *coram nobis* petition. On appeal from the denial of a writ of error *coram nobis*, we review legal questions de novo, factual findings for clear error, and the ultimate decision to deny the writ for abuse of discretion. *United States v. Ballard*, 317 Fed. Appx. 719, 721 (10th Cir. 2008) (unpublished). "Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). Martinez-Arellano was not entitled to error *coram nobis* relief because his claims had already been rejected or could have been raised earlier. *Id.* at 254 n.1

---

[5] Martinez-Arellano completed his sentence on his attempted escape from federal custody conviction in 2001. Nevertheless, his motive for filing his petition for writ of error *coram nobis* is clear—his attempted escape conviction has been used to enhance his sentence in a recent criminal prosecution. While the federal rules have replaced many common law writs, the writ of error *coram nobis* remains to address allegedly invalid convictions which have continuing consequences when the petitioner has served his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2255. *Embrey v. United States*, 240 Fed. Appx. 791, 793-94 (10th Cir. 2007) (unpublished). Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention unpublished opinions as we would an opinion from another circuit, persuasive because of their reasoned analyses.

("[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition."); *see also Embrey*, 240 Fed. Appx. at 794 (stating error *coram nobis* writ may not be used to "litigate issues that were *or could have been* raised on direct appeal or in other, collateral litigation") (emphasis added).

**AFFIRMED.** We **DENY** Martinez-Arellano's motion to proceed *in forma pauperis* on appeal. He is directed to remit the full amount of the filing fee within twenty days from the date of filing this Order and Judgment.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge