**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL TARANGO,

    Defendant - Appellant.

No. 16-2015
(D.C. No. 1:98-CR-00986-MCA-2)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN,** and **BACHARACH**, Circuit Judges.

Daniel Tarango seeks a writ of *coram nobis* to undo his 1999 federal drug

conviction. He argues that his trial counsel was unconstitutionally ineffective and

that this should invalidate the guilty plea he entered seventeen years ago. But the

Supreme Court has instructed that "it is difficult to conceive of a situation in a

federal criminal case today where [a writ of *coram nobis*] would be necessary or

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore submitted without oral argument. This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (brackets in original).  And this case proves no exception.

Anyone wishing to win a writ of *coram nobis* must first establish (among other things) that he exercised due diligence in bringing his claim to court. *Embrey v. United States*, 240 F. App'x 791, 794 (10th Cir. 2007) (unpublished). In this case, Mr. Tarango argues that he's entitled to a writ because his counsel provided allegedly ineffective assistance in his criminal proceedings.  Yet everyone agrees that all of the facts underlying this claim occurred and were known to Mr. Tarango as long as seventeen and at least thirteen years ago.  To be sure, Mr. Tarango replies he didn't realize the legal significance of these facts until much more recently.  But it is well established that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally doesn't excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  In the face of so much delay, and with no compelling explanation for it, we cannot say Mr. Tarango diligently pursued his claims.

Beyond that, too, lies another problem.  A writ of *coram nobis* may not be used to litigate issues that were or could have been raised on direct appeal or through collateral litigation, including a 28 U.S.C. § 2255 motion.  *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011); *Embrey*, 240 F. App'x at 794. And there is no question that Mr. Tarango could have used a § 2255 motion to contest the effectiveness of his counsel during the course of his incarceration.

Once again, Mr. Tarango replies that he wasn't aware of his right to bring such a claim. But once again that is no excuse. For "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

Finally, there is some suggestion that Mr. Tarango's case may be moot. But we need not explore that question today for we may "choose among threshold grounds for denying audience to a case on the merits," and here, as we've seen, at least two other threshold grounds exist that preclude us from reaching the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge