WALLIAM H. HUFF, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

.An indictment under the Bastardy Act, will not lie in one county, when the child was begotten and born in another, and when the putative father was arrested, brought before the Magistrate and refused to give bond in the latter county.

.An agreement by the defendant, that he will waive all objections as to jurisdiction, &c., and which he denies and refuses to abide by, to be binding and enforcible by the Courts, should be reduced to writing. *Are defendants* in criminal cases liable to be taxed with the costs of witnesses, who are subpœnaed and sworn but not examined? *Quere?*

Indictment for Bastardy, and motion for new trial, in Whitfield Superior Court. Tried before Judge CROOK, May Term, 1859.

Upon the information on oath, of Annis Morris, that she was pregnant with a child by William H. Huff, and that said child was likely to be born a bastard and chargeable to the county of Whitfield, a warrant was issued by the Justice of the Peace, before whom the oath was made, and Huff, refusing to give the bond and security required by law, for the maintenance of the child, was bound over to appear at the next Superior Court of Whitfield county, to answer said charge, &c. At the said Term of the Court, he was indicted for bastardy and refusal to give the bond and security aforesaid. To this indictment he demurred; the Court overruled the demurrer and the trial proceeded.

*Annis Morris*, the prosecutrix, testified: That at the time of taking out the warrant in February, 1858, she was pregnant with a child; it was begotten in the latter part of November, 1857, at the house of defendant in *Walker county ;* it was born the latter part of August, 1858, *in Walker county ;* she was living with her brother in *Whitfield county*, at the time she took out the warrant; had been living there three or four weeks before she took it out; she went to live with defendant at his request, and remained there fourteen months to supply his wants and necessities; defendant became dissatisfied and drove her off; she returned to Whitfield county; has no property, and the child is likely to become chargeable to the county; she is unmarried; she was induced by the promises of defendant to go back, he promising to do something for her and the child, but did not comply with his promises; that she never had connection with any other man than defendant.

It further appeared in evidence that the warrant for defendant's arrest, was issued by a Justice of the Peace of Whitfield county, but afterwards backed by a Justice of Walker county, where defendant resided, and where he was arrested 23d April, 1858, and taken before the Justice in Walker county, and refusing to give the bond prescribed by

law for the support of the child, he was recognized to appear " at the April Term, 1858, of the Superior Court of *Whitfield county*, to be holden on the 4th Monday in April instant," &c.

The jury found the defendant guilty, who, thereupon moved for a new trial, on sixteen grounds, which it is unnecessary to set out, as the judgment pronounced by this Court, reversing the judgment of the Court below, is placed upon but one ground, that of want of jurisdiction in the Superior Court of Whitfield county; the child having been begotten and born in Walker county, and the defendant residing in that county.

The Court below refused to grant a new trial, and defendant excepted.

C. D. McCUTCHEN; D. A. WALKER; and J. A. GLENN, for plaintiff in error.

J. A. W. JOHNSON, Sol. Gen., *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

In this case we are clear, that apart from the defect in the indictment, accusing the defendant of being the *putative,* instead of the *actual* father of the bastard child, that Whitfield county had no jurisdiction over the case. The child was begotten and born in Walker county, and there Huff was arrested, brought before a magistrate and refused to give bond for the support and maintenance of the child. So that whether the fact of begetting the bastard, or the refusal to give a bond for its support, or both together, constitute the offence, under the statute, there is no pretext for assuming jurisdiction in Whitfield county. True, the mother resided there, except when decoyed off temporarily by Huff; and that might be a sufficient reason why the fine, in case of conviction, should be appropriated there. But unless both the

offending parties reside in the same county, it will be found extremely difficult to prosecute, under the Bastardy Act of 1793. There is additional legislation needed. Perhaps, by the mother's taking up her residence in Walker county, and beginning *de novo*, a remedy might be practicable; I do not say it is so.

The verbal agreement between the parties, waiving all objections to jurisdiction, &c., if enforcible at all, certainly cannot be unless reduced to writing.

We say nothing about the question made in the bill of exceptions, as to the costs of the two witnesses who were sworn but not examined. As the defendant is relieved from all costs, he is not liable for the payment of this.

Judgment reversed.