### EVANS v. STATE NAT. BANK.[1]

(*Circuit Court, E. D. Louisiana.* February, 1884.)

VERBAL AGREEMENTS.

    No verbal agreement of parties or their counsel, touching any cause pending before this court, shall be deemed of any validity, or be noticed in any way by the court, in case of dispute or disagreement.

In Equity.

*J. R. Beckwith* and *W. R. Mills,* for plaintiff.

*H. B. Kelly* and *James McConnell,* for defendant.

*Thomas Gilmore,* for heirs of Lapeyre.

BILLINGS, J. The sole question which can be considered is as to the effect to be given to an alleged verbal agreement. It is the general rule that such an agreement cannot be noticed by the court. *Parker* v. *Root,* 7 Johns. 320; *Dubois* v. *Roosa,* 3 Johns. 145, and num-

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

erous cases there cited in note, as *Huff* v. *State*, 29 Ga. 424; *Reese* v. *Mahoney*, 21 Cal. 305; and *Shippen's Lessee* v. *Bush*, 1 Dall. 250. Rule 22 of this court is but a statement of the universal canon or precept which is observed by all courts where the matter of rights is involved. That rule is as follows: "*No verbal agreement* of parties or their counsel, touching any cause pending before this court, *shall be deemed of any validity, or be noticed in any way, by the court,* in case of dispute or disagreement." The rule is thus stated in Hoff. Ch. Pr.: "It will be noticed that the agreement or consent, unless thus established, is not even to be suggested against the party; and our chancellors have been strict in adhering to this rule." Page 26. The necessity and wisdom of the restriction is manifest by its universal adoption by the courts, and, having been further emphasized by being enrolled as a rule of this court, is obligatory, and must be followed. The rule must therefore be discharged.