FILED
United States Court of Appeals
Tenth Circuit

May 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN BALLARD,

Defendant - Appellant.

No. 08-5172

(N.D. Oklahoma)

(D.C. No. 4:86-CR-154-TCK)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

John Ballard pleaded guilty in 1987 to the knowing transportation in

interstate commerce of visual depictions of a minor engaged in sexually explicit

conduct. *See* 18 U.S.C. § 2252. He served a five-year term of probation. Acting

pro se, he has petitioned the district court for a writ of *audita querela* to set aside

his plea or relieve him from the duty to register as a sex offender. He claims that

he pleaded guilty because his attorney provided ineffective assistance and that he

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was advised that the conviction would not require him to register as a sex offender. The United States District Court for the Northern District of Oklahoma denied the petition and an accompanying motion seeking appointed counsel. We affirm.

## I.     BACKGROUND

When he pleaded guilty, Mr. Ballard admitted to mailing to an undercover FBI agent a roll of undeveloped photographs that included a nude photograph of a 17-year-old female in a sexually explicit pose. His first challenge to his plea (he did not appeal his conviction or sentence) came 15 years later, in 2002, when he filed a pro se motion to withdraw his plea. He argued that he was actually innocent of the underlying charge because he "never saw the photo or was . . . aware of the photo's content," and could not have known whether the photograph was sexually explicit. Supp. R. Vol. 1, Doc. 17 at 5 (Decl. of Def. John Ballard in Supp. of Mot. to Withdraw Guilty Plea at 2). He claimed that he had been under the mistaken impression that mere nudity in the photo was sufficient to establish guilt, and that only recently had he discovered that § 2252 required knowledge that sexually explicit conduct was depicted. According to Mr. Ballard, his mistake was caused by his attorney's failure to provide effective assistance. He claimed that his attorney "never explained the charge" to him, "never shared or described any evidence being used against him," and "never conducted any investigations as to viable defenses." *Id.* Doc. 17 at 2. Instead, he asserted, "I

was told by my attorney . . . that if I did not plead guilty I would be sentenced to 10 years in prison if I was found guilty and that I'd be stupid if I didn't take the 5 years probation . . . ." *Id.* at 4 (Decl. at 1). Mr. Ballard contended that he therefore did not knowingly, voluntarily, or intelligently plead guilty.

Citing Federal Rule of Criminal Procedure 32(e) (now Rule 11(d) and (e)), the district court said that a motion to withdraw a guilty plea must be made before sentence is imposed and denied Mr. Ballard's motion for want of jurisdiction. Mr. Ballard did not appeal.

In 2007 Mr. Ballard again sought to set aside his plea, this time filing a pro se "Petition for Writ of Error Coram Nobis." *Id.* Vol. 2, Doc. 30 at 1. *Coram nobis* is a "writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." Black's Law Dictionary 362 (8th ed. 2004). He reiterated his argument that he was actually innocent, as well as his allegations that his attorney had inadequately represented him. For the first time, however, he also complained that he was subject to recently imposed sex-offender registration requirements. He added that he had been "*assured* [at the time of his plea that] he would not have any requirement to register as a sex offender." Supp. R. Vol. 2, Doc. 30 at 4.

The district court denied his *coram nobis* petition. We rejected his appeal in an order filed on June 11, 2008, observing that a writ of *coram nobis* is an "extraordinary remedy," yet "Ballard has not demonstrated that his underlying

-3-

conviction amounts to a miscarriage of justice, nor that he acted diligently in bringing this *coram nobis* proceeding." *United States v. Ballard*, No. 07-5187, 2008 WL 2357748, at *4 (10th Cir. June 11, 2008).

A month later, on July 17, 2008, Mr. Ballard returned to district court to file a "Petition for Writ of Error Audita Querela Pursuant to Title 28 USC § 1651 and Motion to Appoint Counsel." R. Vol. 1 at 22. Mr. Ballard reiterated his factual allegations that he pleaded guilty because of his attorney's ineffectiveness, particularly regarding the need to register as a sex offender in the future. And he argued that his guilty plea was unlawful because of his lack of knowledge of the plea's direct consequences—namely, the possibility of future sex-offender registration obligations. He sought to have his guilty plea set aside or at least be relieved of any requirement to register as a sex offender. The district court denied both his petition and his accompanying motion for appointed counsel.

## II.   DISCUSSION

"According to its ancient precepts, the writ of audita querela was invented to afford relief in behalf of one against whom execution had been issued or was about to be issued upon a judgment, which it would be contrary to justice to allow to be enforced, because of matters arising subsequent to the rendition thereof." *Oliver v. City of Shattuck ex rel. Versluis*, 157 F.2d 150, 153 (10th Cir. 1946). Unlike *coram nobis*, which is "used to attack a judgment that was infirm at the time it issued, for reasons that later came to light," *audita querela* is "used to

-4-

challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (brackets and internal quotation marks omitted). We need not decide whether our standard of review is de novo or is more deferential, because the district court's denial of *audita querela* survives even de novo review.

At the outset, we note that it is far from clear whether a writ of *audita querela* may ever issue in favor of someone in Mr. Ballard's situation. As a threshold matter, there is uncertainty over the ancient writ's availability in the criminal context. Federal Rule of Civil Procedure 60 formally abolished both *audita querela* and *coram nobis* in civil cases. *See* Fed. R. Civ. P. 60(e). Although the Supreme Court has held that *coram nobis* is nonetheless available in the criminal context through the All Writs Act, *see United States v. Morgan*, 346 U.S. 502, 507–10 (1954), there is no comparable Supreme Court holding with respect to *audita querela*, and we have observed that "[a]t least four of our sister circuits have questioned whether audita querela may also be used to vacate an otherwise final criminal conviction under the All Writs Act, . . . ." *Torres*, 282 F.3d at 1245 n.6 (internal quotation marks omitted). Moreover, even if a writ of *audita querela* could issue in the criminal context, we question whether courts may vacate criminal convictions solely on equitable grounds (i.e., on grounds not

based on any error in the conviction).  *See Doe v. INS*, 120 F.3d 200 (9th Cir. 1997).

In any event, wisely avoiding these issues, the district court assumed, without deciding, that the writ is available in this context, but denied it nevertheless.  The court did not err in doing so.  An *audita querela* petition may be barred by laches.  *See* 12 James Wm. Moore et al, Moore's Federal Practice § 60App.105 (3d ed. 2009).  "The defense of laches is bottomed on the principle that equity aids the vigilant, not those who sleep on their rights."  *Park County Res. Council, Inc. v. U.S. Dep't of Agriculture*, 817 F.2d 609, 618 (10th Cir. 1987) (internal quotation marks omitted), *overruled on other grounds by Village of Los Ranchos De Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992).  And lack of diligence was one ground on which we affirmed the denial of Mr. Ballard's earlier *coram nobis* petition, which was based on essentially the same circumstances as the present petition and was filed eight months earlier.

Furthermore, as the district court concluded, sex-offender registration is not a sufficient collateral consequence to justify relief.  The Supreme Court has upheld retroactive sex-offender registration laws as valid civil regulatory measures, so long as the laws are not punitive in purpose or in effect.  *See Smith v. Doe*, 538 U.S. 84, 105–06 (2003).  Mr. Ballard argues on appeal that California's registration law (he is a California resident) is so severe as to be punitive.  But because he failed to raise this argument in district court, we do not

consider that argument here. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008).

We likewise affirm the district court's denial of Mr. Ballard's motion to appoint counsel. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). The "decision to appoint counsel [on collateral review] is left to the sound discretion of the district court . . . ." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Given the utter lack of merit of Mr. Ballard's claim and his two prior unsuccessful attempts at litigating highly similar versions of it, the district court's denial of appointed counsel was not an abuse of discretion. *See id.*

## III.  CONCLUSION

We AFFIRM the district court's order denying Mr. Ballard's petition for a writ of *audita querela* and motion for appointed counsel.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-7-