**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN BALLARD,

    Defendant-Appellant.

No. 10-5073
(D.C. No. 86-CR-000154-TCK)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Defendant-Appellant John Ballard appears pro se and appeals from a district court decision denying his Motion to Correct or Void Petition to Enter Plea of Guilty and Order Entering Plea. Ballard filed this motion over twenty years after his original conviction, arguing that his Petition to Enter Plea of Guilty and Order Entering Plea were rife with errors and incomplete. Ballard also requests leave to proceed in forma pauperis on

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we deny Ballard leave to proceed in forma pauperis and affirm.

## BACKGROUND

On February 4, 1987, Ballard pled guilty to one count of transporting, in interstate commerce, a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252. At that time, Ballard admitted to mailing one roll of undeveloped photographs—including a photograph that Ballard conceded he took of a nude seventeen-year-old female in a sexually explicit pose—to an undercover Federal Bureau of Investigation agent posing as a film developer. The district court sentenced Ballard to a five-year term of probation on March 20, 1987. Ballard did not appeal and subsequently satisfied the terms of his probation.

Over fifteen years later, Ballard sought to withdraw his guilty plea, in a motion dated September 9, 2002. Therein, Ballard argued that his defense counsel deceived him into pleading guilty. Specifically, Ballard asserted that his counsel failed to investigate the circumstances of the alleged crime, neglected to explain the defenses that Ballard later claimed would have staved off a guilty verdict at trial, and convinced Ballard that he would go to prison for a long time if he went to trial. The district court denied the motion on April 18, 2003. Again, Ballard did not appeal.

On November 29, 2007, more than five years after filing his motion to withdraw his plea, Ballard filed a petition for writ of error coram nobis. "'[A w]rit of error coram nobis' is [a] procedural tool whose purpose is to correct errors of fact only, and its

2

function is to bring before the court rendering the judgment matters of fact which, if known at [the] time judgment was rendered, would have prevented its rendition." Black's Law Dictionary 337 (6th ed. 1990). In this petition, Ballard reiterated his prior complaints about his trial counsel and added a new complaint: While his counsel told Ballard before he pleaded guilty that he would not have to register as a sex offender based on his conviction, Ballard received a letter in November of 2006 from the State of California requiring him to register as a sex offender for the rest of his life. Additionally, Ballard noted in his petition that he feared that he would be subject to the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901– 16962. Ballard cited these collateral consequences, in addition to his allegations regarding his defense counsel, in seeking coram nobis relief. The district court denied Ballard's petition on December 6, 2007. We affirmed that denial on appeal, observing that a writ of coram nobis is an "extraordinary remedy," yet "Ballard has not demonstrated that his underlying conviction amount[ed] to a miscarriage of justice, nor that he acted diligently in bringing th[e] coram nobis proceeding." United States v. Ballard, 317 F. App'x 719, 723 (10th Cir. 2008) (unpublished).

A month later, on July 17, 2008, Ballard again returned to the district court, this time filing a petition for writ of error audita querela and a motion to appoint counsel. A writ of error audita querela is "a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition

3

and which could not be taken advantage of otherwise." Black's Law Dictionary 131 (6th ed. 1990). Ballard reiterated that he pled guilty because of his attorney's ineffectiveness, particularly his counsel's assertion that Ballard would not need to register as a sex offender in the future. Ballard also argued that his guilty plea was unlawful because of his lack of knowledge of the plea's direct consequences—namely, the possibility of future sex-offender registration obligations. Through this petition, Ballard sought to have his guilty plea set aside or in the alternative to be relieved of any sex-offender registration obligations. The district court denied both his petition and his accompanying motion to appoint counsel. Again, this court affirmed, questioning the availability of a writ of audita querela in the criminal context but continuing to conclude that even if it was available Ballard's petition was barred by laches. United States v. Ballard, 334 F. App'x 141, 144 (10th Cir. 2009) (unpublished).

Less than one year later, on February 8, 2010, Ballard once again returned to district court, this time filing a Motion to Correct or Void Petition to Enter Plea of Guilty and Order Entering Plea. In his latest motion, Ballard claimed that he only became aware of the contents of his Petition to Enter Plea of Guilty on February 19, 2009, when the government attached a copy of the petition to its response brief in one of Ballard's previous appeals. Ballard claimed that this shows that his guilty plea was not given freely and voluntarily, and that there were insufficient facts to convict him. The district court denied this motion on May 20, 2010, noting that Ballard "fail[ed] to identify any authority providing jurisdiction for the Court to 'correct or void' a plea of guilty more

4

than twenty-three years after its entry and long after [Ballard] discharged his sentence." (R., vol. I at 11.) Ballard now appeals that order.

## DISCUSSION

We review de novo a district court's dismissal of a case for lack of subject matter jurisdiction. Weaver v. United States, 98 F.3d 518, 519 (10th Cir. 1996). The district court properly concluded that it lacked subject matter jurisdiction over Ballard's latest motion. "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994). "The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction." Id. Ballard failed to cite any authority before the district court that would lead to subject matter jurisdiction over this case. Because the burden was on Ballard to establish jurisdiction and he proffered nothing that would satisfy his burden, the district court properly concluded that it lacked jurisdiction.

For the first time on appeal, Ballard cites Federal Rule of Criminal Procedure 36 as authority that would allow the district court to correct his Petition to Enter Plea of Guilty. "[A] litigant's failure to raise an argument before the district court generally results in forfeiture on appeal . . . ." United States v. Jarvis, 499 F.3d 1196, 1201 (10th Cir. 2007). This Court, however, "has recognized an exception where the argument involves a pure matter of law and the proper resolution of the issue is certain." Id. Even if we were to address Ballard's Rule 36 argument under this exception, it would fail.

5

Rule 36 allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 does not authorize substantive sentencing modifications. United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996). It is clear that Ballard seeks a substantive modification to his sentence not a correction of a clerical error. So even if Ballard raised this Rule 36 argument in the district court, it would not have entitled him to relief.

We now turn to Ballard's request for leave to proceed in forma pauperis (IFP) on appeal. To proceed IFP on appeal, Ballard must show both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Before the district court, Ballard failed to present any reasoned, nonfrivolous argument on the law because he cited no law. And before this Court, Ballard still fails to present a reasoned, nonfrivolous argument because the one legal argument he makes contradicts well-settled precedent concerning the authority provided by Rule 36. Thus, we deny his motion to proceed IFP.

We pause briefly to note that federal courts have the inherent power to impose sanctions to regulate their docket, to promote judicial efficiency, and to deter frivolous filings. See, e.g., Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–67 (1980) (discussing various ways in which federal courts can sanction litigants); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (explaining this Court's authority to

impose various sanctions in order to regulate the docket, promote judicial efficiency, and deter frivolous filings). We have long held that where a party has engaged in a pattern of litigation activity that is manifestly abusive, restrictions are appropriate, but only after notice and an opportunity to respond are given. See, e.g., Werner v. Utah, 32 F.3d 1446, 1447–48 (10th Cir. 1994) (imposing restrictions on a litigant with a documented lengthy history of vexatious, abusive actions). We recognize that Ballard is appearing pro se, and we do not desire to unduly burden him with sanctions. We caution, however, that this is now Ballard's fourth frivolous attempt to mount a collateral attack on his 1987 conviction. Ballard should heed this warning as we will not be inclined to issue another: he should expect that future frivolous motions will lead to sanctions.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Ballard's Motion to Correct or Void Petition to Enter Plea of Guilty and Order Entering Plea and DENY Ballard leave to proceed IFP.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

7